St. Louis Southwestern Railway Company of Texas v. T. A. Rumfield.

Decided April 3, 1909.

**Railroads—Flag Stations—Statute Construed.**

It is the duty of railroad companies to light and heat their passenger waiting rooms at flag stations as well as at other stations, as required by article 4521, Rev. Stats.

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*Spoonts, Thompson & Barwise,* for appellant.

*Smith & Lattimore,* for appellee.

SPEER, Associate Justice.—Smithfield is an unimportant place in Tarrant County on the line of the St. Louis Southwestern Railway Company a few miles from Fort Worth. It is so unimportant that the railroad company has established a rule that it will not stop its night passenger trains at the place unless someone flags them. Appellee, who lives a mile or two from Smithfield, had been summoned on a special venire in a criminal case to be tried in Judge Smith's court, and was very anxious to take the early morning train of February 5, 1906, so as to reach Fort Worth in time for jury service. He didn't know the exact hour when the train was due to pass through Smithfield, but knew it was some time very early in the morning. He walked over to the station, getting there about five o'clock a. m., but found the building dark and the door locked. He tried to arouse the sleeping agent but failed. The weather was mighty cold and he nearly froze while beating a path on the leeward side of the company's property. When he could bear it no longer he renewed his efforts to get a friendly response from inside the building, and finally, after much kicking on the door and otherwise making a heap of racket, succeeded in waking the drowsy agent, who roared out: "Who in —— are you, anyway?" To this the appellee frankly admitted that he was mighty near froze and had come down there to go to Fort Worth. At this juncture the evidence would warrant a finding that the agent tucked the covers more snugly about his shivering form and in language more sulphurous than polite shouted back: "Well, —— ——, hit the road; I ain't in your way." Appellee steadily refused to do this (at least until the next term of the District Court, when he appears to have hit it for ten thousand dollars), but on the contrary, tarried outside until the welcome rays of the morning sun began to thaw him out and the sleepy agent, faithful in his observance of the rule not to meet the night train, finally arose, opened the station building, and lighted a fire only a few minutes before the arrival of the train. Appellee never got fully warm until he reached Fort Worth and had a long spell of sickness, traceable directly to the exposure of that morning. He sued the railroad company and the jury thought he was damaged four hundred and sixty dollars, and we are satisfied he was, for the company, though it has appealed, has not intimated that he was not injured that much.

Of course, the foregoing is based on appellee's version of the affair. The company's agent remembers it differently. He testifies that he is not now in the employ of the company, but is visiting his parents in eastern Texas; that it was no part of his duties under his employment to make this early train; that it was his duty to meet the five-twenty evening train and to stay up at night for it if it should be late. This evening train was late on February 4 and he had remained up until twelve o'clock, or possibly one o'clock, to meet it and for that reason had lost sleep. He did not hear anybody at the depot door on the morning of February 5 until he got up, except about five o'clock, when someone rattled on the door and he said: "What do you want?" The man said he wanted to go to Fort Worth, and the wit-

ness said: "Don't tear the door down." He immediately got up and put on his breeches and opened the door. When he opened the door a Mr. Newton came in, but appellee turned and walked off. Mr. Newton said he guessed he was huffy. This witness further said he had a fire in the depot that morning, and when he got up he put more coal on it. But we are satisfied, in view of the verdict, that this witness's recollection of the events of that morning is not as vivid as appellee's, and forbear further to discuss the testimony.

*Opinion.*—It is agreed that the case is one of first impression in this State, and the only insistence of appellant is in effect that it had a right to establish reasonable rules for the running of its passenger trains and the conduct of its business generally, and that in the exercise of such right it had made no provision for lighting and heating its depot building for the accommodation of persons desiring to take passage on its early morning train. The trial court thought it ought to be left to the jury to determine under all the circumstances whether or not appellant was negligent toward appellee, and so submitted the matter. In this there was no error of which appellant can complain. The statutes declare: "Every railroad company doing business in this State shall keep its depots or passenger houses in this State lighted and warmed and open to the ingress and egress of all passengers who are entitled to go therein for a time not less than one hour before the arrival and after the departure of all trains carrying passengers on such railroad, and every such railroad company for each failure or refusal to comply with the provisions of this article shall forfeit and pay to the State of Texas the sum of fifty dollars, which may be sued for and recovered in the name of said State in any court of competent jurisdiction, and shall be liable to the party injured for all damages by reason of such failure." Appellee's case falls fairly within this statute. The evidence shows that appellee not only permitted passengers to embark at Smithfield, but would sell them tickets at that place, permitting them to enter its station building and otherwise treating them as passengers entitled to transportation on those trains. This is practically all appellant could do at any station except further to comply with the provisions of the article quoted as to lighting and heating its depot. The court, therefore, might have submitted only the amount of recovery, and certainly committed no error in submitting the issue of negligence to the jury. The judgment is in all things affirmed.

*Affirmed.*

Writ of error refused.